# Gilpin v. Commonwealth.

March 17, 1944.

A. W. Mann and L. D. Bruce for appellant.

Hubert Meredith, Attorney General, and Roy Wilhoit for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appellant, John R. Gilpin, was convicted of uttering and publishing a forged instrument and sentenced to two years' imprisonment. KRS 434.130. The specific charge is procuring the probate of a forged will as that of the late Mrs. Sophia M. Boggess.

The instrument devised all of the estate to the defendant, except $1, "to each and every one of my lawful heirs," and provided "that any indebtedness shall first be paid from my estate." It is not denied that the defendant presented the will for probate and testified to its genuineness. The issue was whether Mrs. Boggess had signed it. The defendant and his secretary testified that she had done so in their presence. Other evidence, consisting of opinions as to the handwriting and certain circumstances, was about equal in kind and quality. It seems sufficient to say the defendant is a minister of the gospel and the deceased was an elderly widow who had lived in squalor. Her income was a $30 pension from the United States and a small sum in rental of a cottage. She had a daughter who had been confined in an asylum in West Virginia for many years and she

had been paying $25 a month for her care. Mrs. Boggess had received financial assistance from the defendant from time to time. While she was not a member of the church of which he was pastor, he had been kind to her and served her in that relationship for several years. He testified she left the estate to him over his protest, insisting as a last favor that he should pay her debts and look after her insane daughter. In a contest of the will the defendant had pleaded that the estate was left to him under such a parol trust, and as it was unenforceable an agreed order was entered setting aside the will.

A nephew of the deceased qualified as the administrator of her estate. Upon cross-examination by an attorney for the defendant, he stated the estate was worth "between $2,000 and $2,500.00." The court sustained an objection to further questioning as to the estate and amount of the debts. Interrogation not in the hearing of the jury revealed that the deceased's property had sold for $2,000, and the net amount left for distribution was only about $100. This is in the record as an avowal.

The essence of the crime of uttering and publishing a forged instrument is the offering or presenting of it to another with the knowledge of its falsity with the intent to defraud, commonly to obtain money or other property directly thereon. Evidence tending to establish motive to commit any criminal offense is always admissible, within certain rules of competency. A man may have a wicked will to commit a crime, yet refrain from doing it because there would be no selfish benefit or, sometimes, no satisfying of vengeance, spite, hate or such other evil mind. Therefore, in the consideration of guilt or innocence of an accused person, the presence of motive or absence of motive, real or apparent, is often the determining influence. As we said in Cassell v. Commonwealth, 248 Ky. 579, 59 S. W. (2d) 544, 546: "Motive is a principal, though psychological, fact. Indeed, it is the manifest source and spring of all criminal action, and may justly claim to rank at the head of positively criminative circumstances. Burrell on Circumstantial Evidence, 282, 313. Insufficient in itself to prove guilt, its presence is always an important consideration.

In a case of this character where the gist is an at-

tempt to defraud another or its accomplishment, motive is an exceptionally important fact. If there is nothing to be gained, why should it be done? To be sure the records are full of instances of major and brutal crime committed for less than $100. But even if they had been willing to attribute an evil heart in the accused, it may have been hard for the jury to believe that he would have forged the will, or, as is charged here, have it probated, for so small a sum, especially since he would have assumed the work of paying decedent's debts and settling her estate. Be that as it may, the refusal to permit proof of the poverty of the estate was the rejection of very potent evidence tending to prove the absence of a motive. Clearly it was a prejudicial error. It is true, as the Commonwealth points out, that the defendant in his cross-examination stated that the debts as listed with him by the deceased amounted to about $1,700. That was competent to show his knowledge, but it was self-serving testimony and only repeating what the deceased had told him. The jury rejected the defendant's testimony as to the execution of the will and undoubtedly rejected this also as unworthy of belief. The last may have been the cause of the first conclusion. Had the fact been disclosed by the nephew and administrator of the estate, who was also a principal prosecuting witness, it would probably have been accepted as convincing evidence, and materially weakened the prosecution's case. It cannot be said in justice and reason that the testimony of the defendant cured the error.

We find no merit in other grounds.

The judgment is reversed.

Whole Court sitting.